■    MABLE FRAZIER, Respondent, v. FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellant.— Judgment entered in favor of plaintiff in the amount of $4,545 unanimously reversed, on the law, the facts and in the exercise of discretion, and a new trial ordered, with leave to defendant to serve an amended

answer alleging the defense of late notice, with $50 costs and disbursements to defendant-appellant. The rule requiring a defendant to deny the performance of any condition precedent specifically and with particularity (CPLR 3015), is not immune from the policy of New York law that allegations of a pleading shall be liberally construed with a view to substantial justice between the parties (CPLR 3026). Where a plaintiff pleads as her sole cause of action a right of recovery as one standing in the shoes of the insured, it being alleged that the latter "duly performed all the conditions of said policy of insurance on its part", an answer that the "insured" had failed to give notice should have been liberally construed as applicable to the cause of action brought to recover under section 167 of the Insurance Law. (See *Lauritano* v. *American Fed. Fire Ins. Co.*, 3 A D 2d 564.) It may be that not only was the defendant misled by the gratuitous allegation that the *insured* had "duly performed all the conditions of said policy of insurance on its part" (CPLR 3015, subd. [a]), but such allegation may in fact have defined or limited the issue in this regard. It appears, moreover, from an examination of the demand for a bill of particulars and the response, that both parties were fully aware of the pertinency of the issue of notice and that the burden with respect thereto rested with the plaintiff. Certainly the defendant was entitled, as would the plaintiff if the situations were reversed, to the application to its pleading of the beneficial provisions of CPLR 3025 or 3026 to assure an adjudication of the issue on the merits. In the circumstances it was an improvident exercise of discretion to have refused leave to amend the answer. Concur — Steuer, J. P., Capozzoli, Tilzer, McNally and McGivern, JJ.